IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 98-51218

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE REYES BUSTAMANTE,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Western District of Texas
(A-98-CR-122-ALL)

———————————

October 13, 1999

Before REAVLEY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:[*]

Jose Reyes Bustamante appeals his sentence of 87 months' imprisonment for conspiracy, smuggling, and harboring of aliens. Bustamante contends that the district court erred in applying the "vulnerable victim" enhancement, § 3A1.1(b) of the Sentencing Guidelines. We agree and accordingly remand for resentencing.

I.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bustamante's conviction rests on his June 1998 transport of several aliens from Mexico into the United States.  The alien relevant to Bustamante's sentencing enhancement is an 18-year-old woman named Laura Aranda-Tovar.  Once the smugglers and aliens had arrived in Austin, Texas, Bustamante and another conspirator held Aranda-Tovar in an apartment for one or two days until her relative agreed to pay a $900 fee for the transport.

Apprehended and charged by the government, Bustamante pleaded guilty.  At sentencing, the district court applied the vulnerable victim enhancement, bringing Bustamante's sentencing range from 57-71 to 70-87 months.  The court sentenced Bustamante to concurrent 87-month sentences.  Bustamante appealed.


## II.

Section 3A1.1(b) of the 1997 sentencing guidelines provides for a two-level enhancement under certain conditions:

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.

U.S. Sentencing Guidelines Manual § 3A1.1(b) (1997).  Bustamante maintains that Aranda-Tovar was properly characterized as a "customer" rather than a "victim" and that Aranda's age and gender did not make her an unusually vulnerable victim of the offense.

First, Bustamante argues that illegal aliens in alien smuggling cases are not "victims" as a matter of law under §3A1.1(b) because alien smuggling is a victimless crime.

2

Bustamante cites <u>United States v. Velasquez-Mercado</u>, in which the Fifth Circuit expressed skepticism that illegal aliens are "victims" for purposes of § 3A1.1. <u>See</u> <u>Velasquez-Mercado</u>, 872 F.2d 632, 636 (5th Cir. 1989).

The <u>Velasquez-Mercado</u> court was applying the 1988 Sentencing Guidelines. <u>See</u> <u>id.</u> at 634 n.2. The commentary to § 3A1.1 has since undergone several clarifications. Bustamante was sentenced under the 1997 Guidelines, which added Application Note 2 to the commentary:

> For purposes of subsection (b), "victim" includes any person who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1.B1.3 (Relevant Conduct).

U.S. Sentencing Guidelines § 3A1.1 cmt. 2 (1997). The Commission explained that it added this language to specify that the "victim" for sentencing purposes need not be the victim of the offense for which the defendant was convicted. <u>See</u> U.S. Sentencing Guidelines Appendix C No. 564 (1997). Thus, it is permissible for a court to apply the vulnerable victim enhancement in an alien smuggling case, even if aliens are not victims of the offense, if the defendant's conduct was relevant to the offense.

For the enhancement to apply, however, the defendant must have exploited the victim's particular weaknesses. The triggering factor must be an unusual vulnerability only present in some victims of that type of crime. <u>See</u> <u>United States v. Moree</u>, 897 F.2d 1329, 1335 (5th Cir. 1990). In <u>United States v. Kuban</u>, for example, the age of the victim and his acquaintance with the

defendant made him particularly vulnerable to the defendant's threats of force.  94 F.3d 971, 972 (5th Cir. 1996).

Here, the government presented no evidence that Bustamante exploited any particular vulnerability of Aranda-Tovar.  The fee Bustamante charged for Aranda-Tovar's transport is a factor already incorporated into his offense.  Section 3A1.1(b) does not apply if the offense specifically incorporates the factor on which the enhancement would be based.  See U.S. Sentencing Guidelines § 3A1.1 cmt. 2 (1997).

Further, the government did not demonstrate that Aranda-Tovar's youth, gender, or assumed poverty and naivete made her especially vulnerable.  The government suggests that Aranda-Tovar was held at the Austin apartment because she was young and female, but our case law indicates that the holding of aliens pending payment is not an unusual practice when the aliens have not pre-paid for their transport.  See United States v. Patino-Cardenas, 85 F.3d 1133, 1134-35 (5th Cir. 1996); United States v. Briones-Garza, 680 F.2d 417, 419 (5th Cir. 1982).  There is no evidence that Bustamante held Aranda-Tovar because she was a young woman rather than as a routine way to secure payment.

We hold that it was clear error for the district court to apply the vulnerable victim enhancement under § 3A1.1(b).  The sentence is vacated, and the case is remanded for resentencing.

VACATED AND REMANDED.

4